UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| PENNY CAUDILL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 09-28-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| CHRIS RITCHIE, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

*** *** *** ***

This case was removed to federal court on the basis of diversity jurisdiction, and the plaintiffs subsequently filed the pending motion to remand, R. 6.  In addition to seeking remand, the plaintiffs' motion also argues that they are entitled to attorney's fees and costs because the defendants improperly removed the case.  The Court finds in favor of the plaintiffs with respect to both of their requests.  First, this case must be remanded for lack of subject matter jurisdiction because there is neither complete diversity nor the requisite amount in controversy for diversity jurisdiction.  *See* 28 U.S.C. § 1447(c).  Second, the plaintiffs are entitled to attorney's fees and costs because the defendants did not have an objectively reasonable basis for removing this case.  *See id.*

Since the defendants removed this case from state court on the basis of diversity jurisdiction, they bear the burden of proving that the requirements for diversity jurisdiction are satisfied.  *See Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (quoting *Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994)).  Specifically, the defendants must prove that there was complete diversity at the time of removal, *see id.* at 492, and they must also prove by a preponderance of the evidence that the amount-in-controversy

requirement was satisfied at the time of removal, *see Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)).  The defendants, however, have failed to prove either of these things.

Complete diversity is lacking on the face of the plaintiffs' complaint because the plaintiffs—who are citizens of Kentucky—have asserted claims against two defendants who are also citizens of Kentucky.  Thus, in order to avoid remand, the defendants would have to demonstrate that all of the non-diverse defendants were fraudulently joined.  *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)).  To prove fraudulent joinder, the defendants would have to show that the plaintiffs cannot establish a cause of action under Kentucky law against either of the non-diverse defendants.  *See Coyne*, 183 F.3d at 493 (citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)).  The essential point of the fraudulent joinder analysis is the question of whether the plaintiffs have asserted any colorable claims against any of the non-diverse defendants.  *See id.*  If "there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved," *Alexander*, 13 F.3d at 949 (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)), then there is no fraudulent joinder.  In this case, at least one of the non-diverse defendants—Jackie Kirk—has not been fraudulently joined since the plaintiffs' complaint asserts a colorable claim of trespass against her.  Therefore, the case lacks complete diversity and must be remanded to state court for lack of subject matter jurisdiction.  *See Coyne*, 283 F.3d at 493.[1]

The defendants argue that the trespass claim against Kirk is not colorable because the evidence shows that she had permission to enter the plaintiffs' property.  *See* R. 7 at 4-6.  This

---

[1]Since the Court determines that Kirk has not been fraudulently joined, there is no need to address the defendants' argument that Chris Ritchie, the other non-diverse defendant, is a fictitious individual who has also been fraudulently joined.

argument, however, misses the point of the plaintiffs' claims. The plaintiffs' trespass claim is based not on an allegation that Kirk entered the plaintiffs' property without their permission, but on an allegation that Kirk caused others to go upon the plaintiffs' property and place a pipeline on the property in an arbitrary or malicious manner. Under Kentucky law, an owner of surface rights is capable of maintaining an action for trespass against an owner of mineral or sub-surface rights who has exercised those rights arbitrarily, maliciously, oppressively, or wantonly. *See Watts v. Carrs Fork Coal Co.*, 275 S.W.2d 431, 432 (Ky. 1955); *see also Treadway v. Wilson*, 192 S.W.2d 949, 950 (Ky. 1946) (holding that an owner of mineral rights "has the paramount right to use the surface in the prosecution of its business for any purpose . . . unless it exercises this power oppressively, arbitrarily, wantonly, or maliciously." (quoting *Case v. Elk Horn Coal Corp.*, 276 S.W. 573, 574 (Ky. 1925))). In *Watts*, for example, the defendant was the owner of mineral rights who exercised such far-reaching control over the property at issue that the surface owner's rights were completely subjected to the defendant's mining rights and privileges. *See id.* Despite the defendant's wide-ranging authorization to use the land, the surface owners sued the defendant for committing alleged acts of trespass that included the arbitrary, wanton, and malicious demolition of houses and other structures on the surface of the land. *See id.* at 431-32. The trial court granted summary judgment in favor of the defendant, but Kentucky's highest court reversed, finding that there was a genuine issue of material fact as to whether the mineral rights owner had "committed acts of trespass . . . by arbitrarily, wantonly, and maliciously demolishing houses and other structures [on the land]." *Id.* at 432. If those acts can constitute trespass under Kentucky law, then by analogy, Kirk's alleged act of causing others to go upon the plaintiffs' property and place a pipeline on the property in an arbitrary and malicious manner could also constitute trespass under Kentucky law. At the very least, there is an "arguably . . .

reasonable basis for predicting that the state law might impose liability on the facts involved." *Alexander*, 13 F.3d at 949 (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)).  This is especially true considering that this Court, in evaluating a claim of fraudulent joinder, "must resolve 'all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non removing party.'" *Coyne*, 183 F.3d at 493 (quoting *Alexander*, 13 F.3d at 949).  Thus, this Court cannot conclude that Kirk was fraudulently joined.

The defendants have also failed to prove that this case satisfies the amount-in-controversy requirement for diversity jurisdiction.  In cases like the one at hand, where the plaintiffs' complaint "seeks to recover some *unspecified* amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," the defendants must prove that it is more likely than not that the plaintiffs' claims exceed $75,000.  *Gafford*, 997 F.2d at 158.  Thus, the defendants must affirmatively come forward with competent proof showing that the amount-in-controversy requirement is satisfied.  *Id.* at 160 (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).  Mere averments are not enough.  *Id.* (quoting *McNutt*, 298 U.S. at 189).  The defendants in this case, however, have presented absolutely no competent proof showing that the amount-in-controversy exceeds $75,000.  Instead, they have presented nothing but mere averments.  Without the defendants having presented any evidence as to the amount in controversy, the Court cannot possibly find that they have satisfied their burden of proving that the amount-in-controversy requirement is satisfied.  *See King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 960 (E.D. Ky. 2009).  Therefore, this case must be remanded for the additional reason that it lacks the requisite amount in controversy.

The defendants suggest that the amount-in-controversy requirement is met because the

plaintiffs have failed to stipulate that the amount in controversy is below $75,000.  *See* R. 7 at 8.  This argument turns the defendants' burden on its head though.  It is not the plaintiffs' burden to prove that the amount in controversy is less than $75,000.  Rather, it is the defendants' burden to prove that the amount in controversy exceeds $75,000.  *See Gafford*, 997 F.2d at 158.  And without presenting any evidence to support their averments, the defendants have failed to meet that burden.

Citing *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 573 (6th Cir. 2001), the defendants also argue that the amount-in-controversy requirement is satisfied because a fair reading of the plaintiffs' complaint demonstrates that the amount in controversy exceeds $75,000.  *See* R. 7 at 9-11.  It is true that the *Hayes* court held that the defendants in that case had satisfied their burden of proving the amount in controversy by demonstrating that "a fair reading of the unspecified and unliquidated damages sought by Plaintiffs provided that more than $75,000 was in controversy." *Hayes*, 266 F.3d at 573.  However, contrary to the defendants' suggestions, *Hayes* does not stand for the proposition that a removing defendant can establish the amount-in-controversy requirement in the complete absence of any evidence as to the amount in controversy.  In *Hayes*, there actually was some evidence as to the amount in controversy.  *See Hayes*, 266 F.3d at 565-66.  Here, however, there is nothing more than speculation as to the amount in controversy, and speculation "is obviously not enough to permit this Court to find that the defendants have established the amount-in-controversy requirement by a preponderance of the evidence."  *King*, 593 F. Supp. 2d at 960 (citing *Gafford*, 997 F.2d at 160).  Since the plaintiffs' complaint seeks an unspecified amount of damages and the defendants have not offered any competent proof to support their claim that the amount in controversy exceeds $75,000, it cannot be said that a fair reading of the plaintiffs' complaint demonstrates that the amount-in-controversy requirement is satisfied.

5

Finally, the plaintiffs have requested an award of attorney's fees and costs on the basis that the defendants removed this case improperly.  When remanding a case to state court pursuant to 28 U.S.C. § 1447(c), this Court has discretion to award attorney's fees and costs to the plaintiffs if "the removing party lacked an objectively reasonable basis for seeking removal."  *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).  In this case, the defendants lacked an objectively reasonable basis for seeking removal because they had no evidence of the amount in controversy.  Although it is well established that defendants are required to present competent proof establishing the amount in controversy by a preponderance of the evidence, *see, e.g., King*, 593 F. Supp. 2d at 959-60.; *Marcum v. State Farm Mut. Auto Ins. Co.*, No. 6:07-269-DCR, 2007 WL 2461623, at *3 (E.D. Ky. Aug. 22, 2007), the defendants in this case elected to remove without first obtaining any such proof.  The defendants could have easily obtained proof prior to removal by, for instance, submitting pre-removal interrogatories or requests for admissions to the plaintiffs.  *See King*, 593 F. Supp. 2d at 960 n.2; *see also Fenger v. Indexx Labs., Inc.*, 194 F. Supp. 2d 601, 603 (E.D. Ky. 2002) (noting, in order remanding the case to state court, that "the defendant removed this action without filing interrogatories as to the plaintiff's specific monetary damages claimed, or otherwise investigating the specific monetary amount."). Nevertheless, they apparently decided against taking such measures. In doing so, they assumed the risk that the plaintiffs would call them on their gamble, which has now happened.  This approach is not to be encouraged because it almost inevitably leads to wasted time and resources.  As a result, the Court concludes that this case is an appropriate one in which to award attorney's fees and costs.

For the foregoing reasons, it is hereby **ORDERED** as follows:

6

(1)     The plaintiffs' "Motion to Remand and For an Award of Attorney's Fees and Costs
        Pursuant to 28 U.S.C. § 1447(c)," R. 6, is **GRANTED**;

(2)     This case shall be **REMANDED** to state court and **STRICKEN** from this Court's
        active docket;

(3)     The plaintiffs shall file with this Court a petition for attorney's fees and costs within
        15 days of the date of this Order.  *See Stallworth v. Greater Cleveland Reg'l Transit
        Auth.*, 105 F.3d 252, 257 (6th Cir. 1997) (holding that "a district court, after issuing
        an order of remand, may make an award of attorney fees and costs in a separate
        order.").  The plaintiffs' petition shall itemize and describe with specificity the fees
        and costs sought.

(4)     The defendants shall have 10 days from the date of filing of the plaintiffs' petition in
        which to file objections to the petition.

This the 1st day of May, 2009.

Signed By:

*Amul R. Thapar* AT

United States District Judge

7